Willie JORDAN, Appellee,

v.

**Edward R. HAMMOCK, Chairman of the New York State Board of Parole, Appellant.**

**No. 1022, Docket 81–2441.**

United States Court of Appeals, Second Circuit.

Argued April 22, 1982.

Decided June 24, 1982.

Michael Yoeli, Asst. Dist. Atty., Brooklyn, N. Y. (Elizabeth Holtzman, Dist. Atty., Kings County, Brooklyn, N. Y., of counsel), for appellant.

Judith L. Turnock, New York City (William E. Hellerstein, The Legal Aid Society, New York City, of counsel), for appellee.

Before OAKES, CARDAMONE, and WINTER, Circuit Judges.

PER CURIAM:

Willie Jordan was apprehended hiding in a closet in another's apartment. By the time of the arrival of the police who were summoned by the apartment dweller, Jordan had removed the lock cylinder from the apartment door, entered the apartment, rifled the drawers, and moved jewelry, photographic equipment, and two television sets around which he had wrapped the electric cords. The state trial judge's jury charge with respect to intent included the following boilerplate presumption language similar to that held unconstitutional in *Sandstrom v. Montana*, 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979): "[It] is a fundamental rule of evidence that a man is presumed to intend the natural consequences of his acts . . . ." [1] The jury found Jordan

---

1. The entire charge with respect to intent was:

Now, burglary is an intentional crime. In other words, it must be proved that the defendant had knowingly entered or remained unlawfully within the building with intent to commit a crime therein and it is for you, the jury, to determine from all the evidence presented whether this intent, that is, criminal intent existed.

Now, how do you determine intent? Intent is the operation of the mind whereby a person aims to obtain the desired and natural consequences or effect of his act. Intent is actually the state of mind with which an act is done and it involves the use of the will. Now, a mental operation, meaning intent, can't be photographed. We say it's silent, secret and invisible to the human eye. How do we determine it? We determine it from conduct or speech or from a combination of both and it's a general rule that a man's actions and outward manifestations reveal an expression of his mind. It is not always by words alone that a man expresses his intentions. And that is a fundamental rule of evidence that a man is presumed to intend the natural consequences of his acts unless the act was done under circumstances which preclude the existence of such an intent. If you conclude that the defendant committed the acts charged, then you must decide whether or not from all of the established facts, speech, conduct and actions of the de-

guilty of burglary in the third degree.[2] After exhausting state remedies, Jordan sought and was granted a writ of habeas corpus in the United States District Court for the Eastern District of New York, Henry Bramwell, Judge. On the State's appeal we reverse.

We do not decide the question of waiver argued by the State under *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977).[3] Nor do we determine whether the charge falls within *Sandstrom.* We need not reach these questions, because there were no acts from which the "consequences" here at issue naturally flow and from which intent could therefore be presumed. Jordan had concededly entered the apartment after removing the lock cylinder. His counsel urged only that he lacked the intent requisite to a conviction of burglary rather than criminal trespass, *i.e.,* the intent to commit a crime[4] while in the apartment, N.Y.Penal Law § 140.20 (McKinney 1975), note 2 *supra,* in this case the crime of larceny, governed by N.Y.Penal Law § 155.05.[5] Jordan, however, had not as yet "take[n], obtain[ed] or with[e]ld" the property, although apparently he was preparing to do so.

Whether Jordan had the specific intent to commit larceny was the issue and this was a matter as to which the presumption charged by the court could not logically be applied. The "tak[ing], obtain[ing] or withhold[ing]" of property is not a "natural consequence" of the "acts"—moving the television sets, photo equipment, and jewelry—that Jordan had already committed in the apartment. With respect to charges such as homicide or attempted homicide, the erroneous presumption is capable of being applied because killing or causing serious physical injury may be the natural physical consequence of, *e.g.,* the act of firing a gun at someone. Here, however, Jordan's commission of future volitional larcenous acts was not the natural consequence of his prior acts. The charge, while therefore irrelevant and confusing, could not have "so infected the entire trial that the resulting conviction violates due process." *Cupp v. Naughten,* 414 U.S. 141, 147, 94 S.Ct. 396, 400, 38 L.Ed.2d 368 (1973). In short, although the charge might justify reversal by an appellate court reviewing a judgment of conviction, it does not amount to federal constitutional error.

Judgment reversed.

---

fendant, he intended to effect their commission.

Now, the term intentionally is defined as follows: a person acts intentionally with respect to a result or to conduct described by a statute defining an offense when his conscious objective is to cause such result or to engage in such conduct.

2.  N.Y.Penal Law § 140.20 provides:

A person is guilty of burglary in the third degree when he knowingly enters or remains unlawfully in a building with intent to commit a crime therein.

3.  The State argues that Jordan did not make a contemporaneous objection specifically raising the *Sandstrom* point. *But see Washington v.* *Harris,* 650 F.2d 447, 451–52 (1981), where, as here, the State's brief to the Appellate Division did not assert a procedural bar to the defendant's objection to jury instructions, raised for the first time on appeal.

4.  N.Y.Penal Law § 10.00(6) defines crime as any misdemeanor or felony.

5.  N.Y.Penal Law § 155.05(1) provides:

A person steals property and commits larceny when, with intent to deprive another of property or to appropriate the same to himself or to a third person, he wrongfully takes, obtains or withholds such property from an owner thereof.